UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                          :
        -against-                         :
                                          :    16 cr 159 (Part 1)
DARVELL KELLY,                            :
                                          :    ORDER
                    Defendant.            :
-------------------------------------------------------x

CASTEL, U.S.D.J.

A lawyer for a party to a civil action in state court has written to the undersigned as the judge presiding in Part 1 seeking a raft of materials relating to a concluded criminal proceeding which are thought to be "relevant to [the opposing party's] ongoing civil lawsuit. . . ." (Letter of Hope J. Mitchell, dated April 19, 2021.) There is no record of the letter writer's admission to the bar of this Court.

Apparently, the undersigned is not the only judge to whom the lawyer has made application. A letter to Judge Torres of this Court, the judge presiding in the above captioned criminal matter, states that "[t]he City has the utmost respect for the Court's decision to protect Mr. Kelly's confidential and personal information." (Letter of Hope J. Mitchell, dated April 15, 2021.) A fair reading of the letter is that a request was made to Judge Torres before the date of the April 15 letter and that the judge made a decision to deny that request. If this not the case, then the letter is misleading. The notion that a judge sitting in Part 1 may entertain an application by a non-party to review a decision of a judge of coordinate jurisdiction is sorely mistaken.[1]

---

[1] The lawyer complains that she is unable to file her April 15 letter on ECF but she apparently had no difficulty in sending her April 19 letter to the undersigned by a means other than an ECF filing. Ordinarily, a party seeking civil discovery in this Court relating to an action pending in another court must open a "miscellaneous" case and docket it as such. The lawyer has failed to do so and, of course, could not do so

Even if it were an application first made to the Part 1 judge, it would fair no better. Blithely, the lawyer cites no statute, no case law and submits no subpoena, no document request, no affidavit. The material the lawyer seeks is hardly routine. She seeks "a copy and or an unsealing of the sentencing report, warrant for Mr. Kelly's arrest . . . the supervised release violation petition, and the violation for supervised release report and any related amendments . . ."

There are strong policy reasons not to grant access to sentencing materials merely on a claim of relevance. As the Supreme Court has noted,

> [I]n both civil and criminal cases the courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals. As the Government points out, one reason for this is the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report. A second reason is the need to protect the confidentiality of the information contained in the report. Accordingly, the courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report.

U.S. Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988)(emphasis in the original). See also United States v. Pena, 227 F.3d 23, 26 (2d Cir. 2000) (Sotomayor, J.)(acknowledging longstanding judicial view that confidentiality of presentence reports should be maintained.)

The docket reflects that Mr. Kelly was arrested in the Eastern District of Pennsylvania. (Minute Entry of February 21, 2018) and that he stipulated to identity, detention and probable cause and was transferred to this district. (Doc 8-2) Mr. Kelly later admitted to six specifications and was sentenced for the violations of supervised release. These are all matters available on the docket of the Court. The docket does not

---

because she is not a member of the bar of this Court, according to the Court's database.

reflect the existence of any sealed materials. The lawyer is free to purchase a copy of the transcript of the defendant's admission and sentencing.

    The application is DENIED.

    SO ORDERED.

                                      P. Kevin Castel
                                 United States District Judge

Dated: New York, New York
        April 19, 2021